IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAIRE LEOPOLD, On Behalf of Herself and All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL NO. 05-317-GPM |
| FORD MOTOR COMPANY and AUFFENBERG FORD, ) ) ) ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This action is again before the Court on Plaintiff's compliance with the Court's August 12, 2005 remand order awarding fees and costs. (*Doc. 22*)  Plaintiff seeks fees and expenses in the amount of $17,250.00.  Ford filed a memorandum in opposition to the request in which it disputes the requested fees and argues that an award of fees is inappropriate in this case.  (*Doc. 23*)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute.  *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000).  The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, but Ford has not rebutted the presumption.  While Ford is correct that the Supreme Court has granted *certiorari*

on the question of what legal standard governs the decision to award fees and expenses following remand, *see Martin v. Franklin Capital Corp.*, 125 S. Ct. 1941 (2005), until the law changes, this Court will follow Seventh Circuit precedent.

The Court stands by its analysis and conclusion that the removal was improper. While Defendants may feel justified in their attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie*, 211 F.3d at 410. The Court has reviewed the fees and expenses sought and finds them to be reasonable.

For the foregoing reasons, Plaintiffs are awarded fees and costs in the amount of **$17,250.00**.

**IT IS SO ORDERED.**

DATED: 10/05/05

                                                  s/ G. Patrick Murphy
                                                  G. PATRICK MURPHY
                                                  Chief United States District Judge